Noah S. PEEK, Jr., d/b/a England Chemical Co. et al
v. HELENA CHEMICAL COMPANY

5-5080                                    448 S. W. 2d 32

Opinion delivered December 15, 1969

*Joe Melton, Walls Trimble* and *Charles Walls, Jr.,* for appellants.

*David Solomon,* for appellee.

Lyle Brown, Justice. In an accounting suit between the parties. Noah S. Peek, Jr., and wife claimed credit for sales commissions allegedly due them by Helena Chemical Company. Some of the claimed commissions were disallowed and the Peeks appeal.

Appellants based their claim for credits on three exhibits which are vital to an understanding of the questions here presented. There was a written contract executed by the parties in March 1964. Appellants contend that the court misinterpreted that contract and consequently disallowed some $33,000 in commissions. The contract is not abstracted. It was drafted in longhand and a poorly legible copy appears in the transcript, being unsatisfactorily reproduced by a phototype machine. Appellee introduced an itemized account of sales consisting of eleven pages, for which it conceded it owed commissions and which accounting was approved by the court. On appeal, appellants contend that accounting

was inaccurate and refer us to a supplemental accounting which appellants introduced. Neither of those itemized accounts is abstracted. The contract and the accounting exhibits are "necessary to an understanding of all questions presented to this court for decision." Under our Rule 9 from which we have quoted, those exhibits should have been abstracted. The same rule requires that "not more than two pages of the record shall in any instance be abstracted without a page reference to the record." In the case before us, the testimony of key witnesses ran as high as twenty-seven, sixty-one, and ninety-three pages; yet in each of those instances the abstract makes only two page references to the transcript. The size of the record in this case—three volumes containing 700 pages—emphasizes the value of the required frequent reference to transcript pages.

Affirmed for noncompliance with Rule 9.